ORIGINAL

FILED

04/07/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 19-0023

IN THE SUPREME COURT OF THE STATE OF MONTANA

PR 19-0023

FILED

APR 0 7 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF:

PATRICK G. BEGLEY, An Attorney at Law,

Respondent.

O R D E R

On January 14, 2019, the Office of Disciplinary Counsel (ODC) filed a formal disciplinary complaint against Montana attorney Patrick G. Begley. This complaint may be reviewed by any interested person in the office of the Clerk of this Court.

This complaint arose from Begley's alleged failure to comply with the terms of discipline imposed by the Commission in an earlier disciplinary proceeding. In *In the Matter of Patrick Begley*, No. PR 16-0237, Order (Mont. Mar. 21, 2017), this Court accepted and adopted the Commission's Findings of Fact, Conclusions of Law, and Recommendation that Begley's conditional admission be accepted in that matter. In that matter, Begley tendered a conditional admission to violations of M. R. Pro. Cond. 1.1, 1.3, 1.4, 1.15, 1.18, and 8.1, and Rule 8A(6) of the Montana Rules for Lawyer Disciplinary Enforcement (MRLDE) in relation to his representation of two clients and his failure to respond to ODC's inquiries. Begley tendered his admission in exchange for discipline of a public censure by this Court, a term of probation with conditions,[1] payment of restitution in the amount of $832.50 plus interest, and payment of the cost of the proceedings. The costs were later determined to be $515.16.

In its present complaint, ODC alleged that Begley received the public censure from this Court but failed to comply with the remaining discipline. ODC thus alleged Begley

---

[1] The conditions were: maintain his caseload at a manageable level; obtain a mentor, subject to ODC's approval, to monitor his practice and review the status of litigation cases; and submit quarterly reports to ODC regarding the state of his legal practice and his communications with his mentor.

violated M. R. Pro. Cond. 3.4(c) and MRLDE 8A(5). ODC further alleged that Begley violated M. R. Pro. Cond. 8.1 and 8.4(c) because, after being placed on inactive status for noncompliance with CLE requirements, Begley petitioned to return to active status and misrepresented that he had not committed any acts or omissions while not on active status which would be sanctionable under the Rules of Professional Conduct. ODC maintained his noncompliance with the conditions imposed in PR 16-0237 was a sanctionable violation that Begley was obligated to disclose in his petition for reinstatement.

On July 26, 2019, the Commission convened a hearing on the new complaint. On August 14, 2019, the Commission issued an order in which it found that Begley either admitted to, or ODC had sufficiently proven, each allegation in the complaint. However, it decided to hold the matter in abeyance prior to issuing any findings of fact, conclusions of law, or recommendation for discipline so long as Begley met three conditions: (1) consult with Mike Larson of the Lawyer's Assistance Program and file with ODC and the Commission Larson's written recommendations for the means by which Begley could address the issues he was facing to allow him to effectively and ethically return to the practice of law; (2) consult with a licensed clinical addiction counselor, undertake mental health and chemical dependency evaluations, and provide those reports and evaluations under seal to ODC and the Commission; and (3) refrain from practicing law while the matter remained in abeyance. On August 27, 2019, Begley filed notice of his consent to the conditions.

On January 21, 2020, the Commission ordered ODC and Begley to file status reports regarding Begley's compliance and position statements on whether the Commission should continue to hold this matter in abeyance.

ODC filed its report on February 10, 2020, and asserted that Begley had not complied with the conditions imposed in the Commission's August 14, 2019 order, having provided ODC only with a document that indicated Begley had consulted with Larson, but no written recommendations, and reports or evaluations from a clinical addiction counselor. It contended that the Commission should no longer hold the matter in abeyance due to Begley's noncompliance. On February 12, 2020, Larson filed a letter in which he

2

opined that Begley appeared to be satisfying his requirements with the Montana Lawyer Assistance Program. Begley did not file a status report or position statement.

On February 26, 2020, the Commission submitted to this Court its Findings of Fact, Conclusions of Law, and Recommendation for discipline. The Commission found inter alia that Begley had not complied with the terms and conditions of his probationary status in PR 16-0237 and that he committed an omission by failing to divulge his noncompliance with this Court's March 21, 2017 disciplinary order when he petitioned for reinstatement to active status on July 11, 2018. It concluded that Begley violated M. R. Pro. Cond. 3.4 and MRDLE 8A(5) by failing to abide by the March 21, 2017 disciplinary order of this Court, and that he violated M. R. Pro. Cond. 8.1 and 8.4(c) by failing to disclose his noncompliance when he petitioned for reinstatement to active status.

The Commission recommended Begley be suspended from the practice of law for an indefinite period of not less than seven months, to run concurrently with the suspension Begley is currently serving for another disciplinary matter.[2] In recommending this discipline, the Commission stated that it did not believe it appropriate to continue to hold this matter in abeyance given Begley's ongoing failure to comply with the conditions the Commission had imposed, his failure to submit a status report when ordered to do so, and ongoing concerns about Begley's ability to practice that became apparent during the January 8, 2020 hearing for PR 19-0444. The Commission further noted that Begley's earlier disciplinary proceedings came about because of serious, numerous ethical lapses and that he failed to avail himself of the opportunities offered by the Commission and this Court. The Commission opined that Begley is not capable of practicing law without constituting a risk to clients, the courts, and the public.

Neither Begley nor ODC has submitted a response to the Commission's filing.

This Court reviews de novo the Commission's findings of fact, conclusions of law, and recommendations. *In re Neuhardt*, 2014 MT 88, ¶ 16, 374 Mont. 379, 321 P.3d 833 (citation omitted).

---

[2] See *In the Matter of Patrick G. Begley*, No. PR 19-0444, Order (Mont. Mar. 3, 2020).

3

We have thoroughly reviewed the record in this matter. We agree with the Commission's findings of fact, conclusions of law, and recommendation for discipline.

Based upon the foregoing,

IT IS HEREBY ORDERED:

1. The Commission's Findings of Fact, Conclusions of Law and Recommendation for Discipline are ACCEPTED and ADOPTED.

2. Patrick G. Begley is suspended from the practice of law in Montana for an indefinite period of not less than seven months, to run concurrently with the suspension imposed by this Court in PR 19-0444, effective thirty days from the date of this Order. Begley is directed to give notice of his suspension to all clients he represents in pending matters, any co-counsel in pending matters, all opposing counsel and self-represented opposing parties in pending matters, and all courts in which he appears as counsel of record in pending matters, as required by Rule 30 of the Montana Rules for Lawyer Disciplinary Enforcement.

The Clerk of this Court is directed to serve a copy of this Order of Discipline upon Patrick G. Begley, and to provide copies to Disciplinary Counsel, the Office Administrator for the Commission on Practice, the Clerks of all the District Courts of the State of Montana, each District Court Judge in the State of Montana, the Clerk of the Federal District Court for the District of Montana, the Clerk of the Circuit Court of Appeals of the Ninth Circuit, and the Executive Director of the State Bar of Montana.

DATED this 7ᵀᴴ day of April, 2020.

_____
Chief Justice

_____

_____

_____

4

_____

_____

_____
Justices